EMN:CMP/BDM
F.#2010R00211

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

EUGENE GOUREVITCH,

             Defendant.

S U P E R S E D I N G
I N F O R M A T I O N

Cr. No. 12-758 (S-1)(ARR)
(T. 18, U.S.C., §§
981(a)(1)(C), 1343,
1512(c)(2), 1512(k), 2 and
3551 et seq.; T. 21, U.S.C.,
§ 853(p); T. 28, U.S.C.,
§ 2461(c))

- - - - - - - - - - - - - - - - X

THE UNITED STATES ATTORNEY CHARGES:

COUNT ONE
(Obstruction of Justice Conspiracy)

    1.    In or about and between September 2011 and December 2011, both dates being approximate and inclusive, in the Southern District of New York, the defendant EUGENE GOUREVITCH, together with others, did knowingly, intentionally and corruptly conspire to obstruct, influence and impede and attempt to obstruct, influence and impede an official proceeding, to wit: Securities and Exchange Commission vs. One or More Unknown Purchasers of Securities of Global Industries, Ltd., Civil Docket No. 11-6500, a proceeding before the

United States District Court for the Southern District of New York, contrary to Title 18, United States Code, Section 1512(c)(2).

(Title 18, United States Code, Sections 1512(k) and 3551 et seq.)

## COUNT TWO
(Obstruction of Justice)

2.   In or about and between September 2011 and December 2011, both dates being approximate and inclusive, in the Southern District of New York, the defendant EUGENE GOUREVITCH, together with others, did knowingly, intentionally and corruptly obstruct, influence and impede and attempt to obstruct, influence and impede an official proceeding, to wit: <u>Securities and Exchange Commission vs. One or More Unknown Purchasers of Securities of Global Industries, Ltd.</u>, Civil Docket No. 11-6500, a proceeding before the United States District Court for the Southern District of New York.

(Title 18, United States Code, Sections 1512(c)(2), 2 and 3551 et seq.)

## COUNT THREE
(Wire Fraud)

3.   In or about and between March 2012 and July 2012, both dates being approximate and inclusive, in the Southern District of New York, the defendant EUGENE GOUREVITCH did knowingly and intentionally devise a scheme and artifice to defraud, and to obtain

2

money and property by means of materially false and fraudulent pretenses, representations and promises.  It was part of the scheme and artifice that GOUREVITCH solicited and obtained funds from John Doe #1, an individual whose identity is known to the United States Attorney, on the false pretense that GOUREVITCH would cause such funds to be invested on John Doe #1's behalf in publicly-traded securities in the United States, when, in fact, GOUREVITCH intended to keep and did keep such funds for his own personal use.

4.   For the purpose of executing such scheme and artifice, the defendant EUGENE GOUREVITCH did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds, to wit: interstate and international wire transfers and Internet communications.

(Title 18, United States Code, Sections 1343 and 3551 et seq.)

### CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS ONE THROUGH THREE

5.   The United States hereby gives notice to the defendant EUGENE GOUREVITCH that, upon his conviction of any of the offenses charged in Counts One through Three, the government will seek forfeiture in accordance with Title 18, United States Code,

Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of such offenses.

6. If any of the above-described forfeitable property, as a result of any act or omission of the defendant EUGENE GOUREVITCH:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other

property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

    (Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p))

*[signature]*
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

5