EMN:CMP/BDM
F.#2010R00211

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB ⋅⋅ 2014 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

     - against -

EUGENE GOUREVITCH,

         Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - -X

PRELIMINARY ORDER
OF FORFEITURE

12 CR 758 (S-1) (ARR)

WHEREAS, on or about February 18, 2014, the defendant, EUGENE
GOUREVITCH, entered a plea of guilty to Count Three of the above-captioned superseding
information charging a violation of 18 U.S.C. § 1343; and

WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and 21
U.S.C. § 853(p), the defendant has consented to the entry and forfeiture of the following: (a) a
forfeiture money judgment in the amount of six million dollars and no cents ($6,000,000.00) (the
"Forfeiture Money Judgment"), (b) approximately three million nine hundred eighty-eight
thousand seven hundred ninety-seven dollars and thirty-seven cents ($3,988,797.37) seized on or
about July 19, 2012 from Interactive Brokers account number U1055039 held in the name of
Konnektix Ventures LLC, and all proceeds traceable thereto; (c) approximately five hundred
eighty-nine thousand three hundred twenty three dollars and thirty-eight cents ($589,323.38)
seized on or about July 19, 2012 from Signature Bank account number 1501793218 held in the
name of Konnektix Ventures LLC, and all proceeds traceable thereto; and (d) approximately
sixty-three thousand sixty-three dollars and eighty-nine cents ($63,063.89) seized on or about
August 1, 2012 from JP Morgan Chase Bank account number 3031811762 held in the name of

Andrey Scherbinin, and all proceeds traceable thereto (items (b) through (d), collectively, the "Forfeited Funds"), as property, real or personal that constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1343 and/or as substitute assets.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

1.     The defendant shall forfeit to the United States all right, title, and interest in the Forfeited Funds and the Forfeiture Money Judgment, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p).

2.     The defendant shall fully assist the government in effectuating the forfeiture of the Forfeited Funds and the payment of the Forfeiture Money Judgment.  Provided that the Forfeited Funds are forfeited to the United States, the same shall be credited towards payment of the Forfeiture Money Judgment.  All payments of the Forfeiture Money Judgment shall be made by certified or bank check, payable to the "United States Marshals Service."  The defendant shall cause said check to be sent by overnight mail to Asset Forfeiture Paralegal Nicole Brown, 271 Cadman Plaza East, Brooklyn, NY 11201, with the criminal docket number noted on the face of the check.

3.     The defendant agrees not to file or interpose any claim or to assist others to file or interpose any claim to the Forfeited Funds or to any other property forfeited to satisfy the Forfeiture Money Judgment in any administrative or judicial proceeding. The defendant consents to the forfeiture of any other property of his, real or personal, up to the value of the unpaid portion of the Forfeiture Money Judgment, pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act or any other applicable law. The defendant agrees to execute

3

any documents to effectuate the forfeiture of the Forfeited Funds and the amount of Forfeiture

Money Judgment.  In addition, the defendant knowingly and voluntarily waives his right to

notice in connection with the forfeiture of the Forfeited Funds and the entry of the Forfeiture

Money Judgment, waives any right, if any, to a jury trial on the forfeiture of the Forfeited Funds

and the entry of the Forfeiture Money Judgment, and waives all constitutional, legal and

equitable defenses to the forfeiture of the Forfeited Funds and the entry of the Forfeiture Money

Judgment, including, but not limited to, any defenses based on principles of double jeopardy, the

Ex Post Facto clause of the Constitution, the Eighth Amendment of the Constitution (including a

claim of excessive fines), the statute of limitations, or venue.

      4.     The failure of the defendant to forfeit the Forfeited Funds and the amount

of Forfeiture Money Judgment as required under this agreement, including the failure of the

defendant to execute any document to accomplish same on timely notice to do so, shall constitute

a material breach.  Upon such a breach, the defendant will not be entitled to withdraw the plea,

but the office may bring additional criminal charges against the defendant.  The defendant agrees

that the forfeiture of the Forfeited Funds and the entry of the Forfeiture Money Judgment are not

to be considered a fine, penalty, a restitution loss amount, and/or a payment on any income taxes

that may be due, and shall not be dischargeable in any bankruptcy proceeding.

      5.     The defendant represents that he has disclosed all his assets to the United

States on the financial statement dated January 31, 2014 entitled "United States Department of

Justice Financial Statement" (hereinafter, the "Financial Statement").  The defendant agrees that

a failure to disclose assets on the Financial Statement and to inform the government in writing of

any material changes up until the time of sentencing constitutes a material breach of his

agreement with the government.  Upon such a breach, the defendant will not be entitled to withdraw the plea, but the Office may bring additional criminal charges against the defendant.  If the government discovers that the defendant owns or holds an interest in any property that the defendant had an obligation to disclose, but failed to do so before sentencing, defendant agrees to the summary forfeiture of such property or interest.

      6.      Should undisclosed assets that the defendant owns or in which the defendant has an interest be discovered, the defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of said assets.  The defendant agrees to execute any documents necessary to effectuate the forfeiture of said assets.  In addition, the defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of said assets, and waives all constitutional, legal and equitable defenses to the forfeiture of said assets, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the constitution, the Eighth Amendment of the Constitution, including a claim of excessive fines, the statute of limitations, or venue.

      7.      The defendant agrees to fully assist the government in effectuating the payment of the Forfeiture Money Judgment.  The defendant agrees to fully assist the government in effectuating the seizure and forfeiture of the Forfeited Funds to the United States, and to take whatever steps are necessary to ensure that clear title thereto passes to the United States, including the execution of any documents necessary to effectuate the surrender and forfeiture of the Forfeited Funds to the United States.  The defendant agrees not to file or interpose any claim or assist others to file or interpose any claim to any of the monies or properties forfeited hereunder or any property against which the government seeks to execute the Forfeiture Money

Judgment in any administrative or judicial proceeding. Further, if any third party files a claim to any of the monies and/or properties forfeited hereunder, the defendant will assist the government in defending such claim.

8.      The defendant agrees that the entry and payment of the Forfeiture Money Judgment and forfeiture of the Forfeited Funds shall not be considered a payment of a fine, penalty, restitution loss amount, or any income that may be due, and shall survive bankruptcy.

9.      Upon entry of this Preliminary Order, the United States Attorney General or his designee is authorized to seize the Forfeited Funds, to conduct any proper discovery pursuant to Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

10.     The United States shall publish notice of this Preliminary Order and notice of its intent to dispose of the Forfeited Funds in such a manner as the Attorney General or his designee may direct, on the government website www.forfeiture.gov, in accordance with the custom and practice in this district. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Forfeited Funds as a substitute for published notice as to those persons so notified.

11.     Any person, other than the defendant, asserting a legal interest in the Forfeited Funds may, within thirty (30) days of the final publication of notice or receipt of notice, or no later than sixty (60) days after the first day of publication on an official internet government forfeiture site, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to notice of

the forfeiture of the Forfeited Funds must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

12.     The terms contained herein shall be final and binding only upon the Court's "so ordering" of this Order.

13.     Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.  If no third party files a timely claim, this Order, together with Supplemental Preliminary Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

14.     This Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

15.     The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

16.     The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this executed Order to FSA Paralegal Nicole Brown, United States Attorney's

Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201.

Dated: Brooklyn, New York
      February 18, 2014

/s/(ARR)

HONORABLE ALLYNE R. ROSS
SENIOR UNITED STATES DISTRICT JUDGE